■ In the Matter of EDWARD C. DIEHL, Respondent, v AMERICAN OIL COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed December

21, 1973. While he was driving a tractor-trailer on the Long Island Express-way, claimant, a fuel oil truck driver, ran out of gas. A mechanic from claimant's plant was sent in a pickup truck with gasoline to assist him. When the mechanic started to pour gas into the tractor, there was an explosion and flames covered the front of claimant's truck. Claimant jumped out and with his jacket extinguished the flames in the tractor, the pickup truck and the mechanic who was also on fire. Claimant helped the mechanic into the pickup and drove him to the hospital where he also helped him into the emergency room. He then drove back to the place where he had left the tractor, ran to the top of the hill, retrieved the mechanic's wallet and experienced chest pain on his return to the hospital. Five days later he collapsed and was rushed to the hospital in an ambulance. In the meantime he had worked, but had suffered intermittent chest pains. The board found that claimant's strenuous exertion and emotional upset precipitated an acute myocardial infarction which constituted an accidental injury. Since appellant did not raise its objection to claimant's failure to give timely notice of injury at the first hearing at which all parties in interest were present and at which claimant testified, it has waived such notice. (Work-men's Compensation Law, § 18.) In any event, appellant was not prejudiced thereby. The question of whether claimant's activities in connection with the tractor fire were causally related to his ensuing cardiac disability was an issue of fact for the board, as was also the resolution of the conflicting medical testimony. Since the record contains substantial evidence to support the board's determination, we should not disturb it. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.