■ In the Matter of the Claim of CATHERINE MARINCEL, Respondent, v GOODYEAR TIRE & RUBBER COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed September 27, 1974. Claimant's deceased husband was a district supervisor for the employer, his territory including the employer's store in Elmira, New York. Toward the end of June, 1972, subsequent to damaging floods in the Elmira area, decedent was sent to the Elmira store to organize the cleaning and reopening of the store which had been damaged by the flood and submerged in at least three feet of water. The manager of the store was unavailable on a full-time basis because of personal losses he had suffered during the flood. The store was closed for a period of two and one-half weeks, during all of which time decedent was present. There was testimony that decedent, whose work was ordinarily supervisory in nature, engaged in a variety of physical activities during the cleaning up processes and also that he was under extraordinary mental strain during this period. On August 25, 1974, while attending a conference in St. Louis, required by the employer, decedent was found dead in his hotel bed, the cause of death being myocardial infarction and emphysema. On this appeal, the finding by the majority of the board panel that decedent's death was caused by an accident arising in and out of the course of his employment is challenged as lacking the support of substantial evidence. We disagree. There was testimony that after concluding cleanup operations in Elmira and until the time he left for St. Louis, decedent had complained of chest pains, and was tired, pale and had no appetite, all contrary to his usual demeanor. Claimant's medical expert was of the opinion that because of the extra physical exertion and the mental pressure decedent had undergone, and the continuance of chest pains after decedent had finished the cleanup operations at the Elmira store, decedent's myocardial infarction constituted an accident arising out of the employment. While the carrier presented medical evidence to the contrary, there was thus presented nothing more than the usual conflict in medical evidence which was for the board to resolve. The fact that decedent did not suffer immediate collapse and death is not a bar to a finding of causal relation (see Matter of Diehl v American Oil Co., 48 AD2d 716). Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Greenblott, Koreman and Main, JJ., concur; Reynolds, J., dissents and votes to reverse.