■ In the Matter of the Claim of TEODORA AYUB, Respondent, v IDEAL TOY COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed July 18, 1974, which modified the decision of the referee and found that the claimant had a continuing causally related disability subsequent to December 15, 1969, and made an award to claimant for partial disability at reduced earnings. It should be noted that before the board the appellants did not contest the referee's findings of accident, notice and causal relationship and the only issue before the board and before us on this appeal is that of continuing disability. Claimant filed a claim for compensation on July 16, 1970 arising out of an accident that occurred in the course of her employment in November, 1968 when she was struck by a chair on the shoulder

near the side of her head. Appellants contend that since the record discloses claimant continued to work at the same employment for a year following the accident and did not consult a private physician concerning her injuries until 1972, and, in view of the fact that her doctor's testimony has been contradicted by the carrier's medical expert, there is no substantial evidence to support the board's findings. Claimant testified that she was treated at the employer's clinic on November 6, 1968, the day after her accident, and was rechecked at the clinic on several occasions during the same month; that while undergoing treatment at the Queens General Hospital as an outpatient she was referred to Dr. Pereda, a psychiatrist; that her head, left eye, and left side of her tongue continued to bother her since the accident. She also testified that she stopped working on December 15, 1969, returned to work for only one day on May 22, 1970, and then left her employment because she did not feel well enough to continue working. Claimant's attending psychiatrist, Dr. Pereda, testified that he first treated the claimant on May 1, 1972 at which time she gave him a history of the accident and the physical symptoms she had been experiencing since the date of the accident. Based upon this information and a review of the pertinent hospital records, Dr. Pereda testified that, in his opinion, claimant was suffering from an anxiety neurosis with a facial paralysis which was causally related to the accidental injury sustained in November, 1968, and that she continues to have some disability as a result of this condition. The carrier's medical expert, a neuropsychiatrist, testified that he was not able to obtain a history from the claimant, nor was he able to make a psychiatric examination of her because of a language problem, but that his neurological examination revealed no disability causally related to the accident of November, 1968. The conflicting medical testimony and the issue of causal relation presented issues of fact and credibility for the board to resolve. Since the record contains substantial evidence to support the board's determination, we should not disturb it *(Matter of Diehl v American Oil Co.,* 48 AD2d 716). Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Sweeney, Koreman, Main and Reynolds, JJ., concur.