■ NELSON THOMAS, Respondent, v INTERNATIONAL HARVESTER CO., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal by the self-insured employer from a decision of the Workmen's Compensation Board, filed November 20, 1975, which found that claimant had a continuing causally related total disability subsequent to September 21, 1973. On July 21, 1971, claimant was working as a body and fender repairman for the employer herein when he injured his back, left leg and left elbow in a fall of approximately six feet from a ladder to a concrete floor. While hospitalized for these injuries, he developed a condition diagnosed as possible pulmonary embolis, and he required further hospitalization in 1973 for recurrent thrombophlebitis and pulmonary emboli. Since the date of the accident in 1971, he has not worked, and in a decision filed October 7, 1974 a referee determined, following a hearing, that he was entitled to compensation benefits because he had a "continuing causally related total industrial disability after September 21, 1973 attributable to his accident of July 21, 1971". For its part the board then referred the matter to an impartial internist for his opinion as to causally related disability and the extent

thereof, and upon the submission of the internist's report it affirmed the decision of the referee. On this appeal, the employer challenges only the board's finding that claimant had a continuing total disability subsequent to September 21, 1973 resulting from his phlebitis and pulmonary emboli which were found to be causally related to his fall at work in 1971. An examination of the record, however, reveals ample evidentiary support for the board's determination both as to causality and the extent of claimant's continuing disability. According to Dr. Gerbarg, the impartial internist, the pulmonary emboli and other complications prevented claimant from working and were unquestionably causally related to the industrial accident. Moreover, Dr. Debold, who examined claimant for appellant, reported that his disability was "quite marked", and Dr. Levy, an internist who reviewed claimant's records, reported that he was "physically and totally disabled for work". Even though there be other conflicting medical evidence, we hold upon such a record as this that the board's challenged finding has substantial evidentiary support, and, therefore, it should not be disturbed (cf. *Matter of Ayub v Ideal Toy Co.,* 50 AD2d 1051). Decision affirmed, with costs to the Workmen's Compensation Board against the employer. Sweeney, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.