■ In the Matter of the Claim of AIME V. BOHN, Respondent, v TAIWAN RESTAURANT et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed August 9, 1974. Since accident, notice and causal relationship were established by the referee for claimant's back injury and an award was made covering the period from February 11, 1971 to November 22, 1971, which award appellants paid, the sole issue is whether the board's decision that the claimant has a causally related permanent partial disability with compensable reduced earnings for the period from January 8, 1973 to October 16, 1973 is supported by substantial evidence. The record clearly discloses conflicting medical conclusions with respect to claimant's ability to return to work. Dr. Bertola, an orthopedic surgeon, who had operated on claimant for the removal of a ruptured intervertebral disc on July 8, 1971, consistently stated in a series of letters that claimant could return to work as of November 22, 1971 without limitation or restriction. This medical view was supported by the opinions of Dr. McGowan and Dr. Hanavan. Doctors Mindell, Davis and Alfano, along with the board medical examiner, concurred in the medical conclusion that claimant is suffering from a mild causally related permanent partial disability. The resolution of conflicting medical opinions is solely within the province of the board and where, as here, the board's conclusion is supported by substantial evidence, it should not be disturbed (Workmen's Compensation Law, § 20; *Matter of Ayub v Ideal Toy Co.,* 50 AD2d 1051; *Matter of Diehl v American Oil Co.,* 48 AD2d 716). Decision affirmed, with costs to the Workmen's Compensation Board. Koreman, P. J., Greenblott, Sweeney, Kane and Mahoney, JJ., concur.