■ In the Matter of the Claim of WILABEL JOHNSON, Appellant, v INTERNATIONAL TALC COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed August 18, 1977. Claimant's deceased husband, while employed for approximately 20 years, including a period with International Talc Company from January, 1954 to July, 1954, was exposed to talc. He filed a claim for compensation on May 24, 1973 alleging a lung condition. He died on November 21, 1973. The board found that decedent had a partial pulmonary disability due to pneumoconiosis, as a result of inhalation of talc and silicosis dust and pulmonary emphysema. The board also found that decedent's death was not causally related to his occupation. Decedent's attending physician testified that he felt that the decedent was totally disabled. He also testified that in his opinion the lung condition contributed to the death. There was other medical testimony, however, to the effect that while decedent's lung condition was causally related to his occupation, said condition produced a partial pulmonary disability. The impartial specialist concluded that decedent's death was not related to his occupation. The provisions of section 39 of the Workers' Compensation Law, as they existed at the time of decedent's disablement, did not allow an award for partial disability due to dust disease. It is well settled that conflicting medical opinions create issues of fact for the board to resolve and the board's decision is not to be disturbed if it is supported by substantial evidence *(Matter of Bohn v Taiwan Rest.*, 58 AD2d 903; *Matter of Ayub v Ideal Toy Co.*, 50 AD2d 1051). There is, in our view, substantial evidence to sustain the board's determination and, therefore, it should be affirmed. Decision affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.