■ In the Matter of the Claim of CHARLYNE MCMULLEN, Respondent, v FISHER BODY DIVISION, GENERAL MOTORS CORPORATION, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed December 28, 1977, and an amended decision filed August 18, 1978. The board found that claimant sustained an accidental injury on April 10, 1973 when she packed, lifted and stacked crates containing screens and felt a pain in her back, and that this constituted an accidental injury within the meaning of the law (Workers' Compensation Law, § 2, subd 7). The board also determined that the resulting disability was causally related to the accidental injury and that her employer had proper notice. Initially, appellant contends on this appeal that there is a lack of substantial evidence to support the board's finding that claimant was injured during the course of her employment. Appellant maintains that prior to the hearing claimant had merely complained of pain in her back, but had given no history of an accident while working. At the hearing claimant testified that she felt pain in her back after packing and lifting crates weighing some 75 to 100 pounds. This testimony, appellant argues, conflicts with claimant's original statements, the company records and certain medical records as to what occurred on April 10, 1973. The issue thus narrowed to one of credibility for the board's resolution (*Matter of Celli v New York Tel. Co.,* 61 AD2d 1063), as was the question raised by the conflicting medical evidence (*Matter of Marincel v Goodyear Tire & Rubber Co.,* 50 AD2d 630). Appellant also argues that claimant did not give timely notice as required by section 18 of the Workers' Compensation Law. The conflicting testimony, however, as to whether appellant was timely notified of the accident also presented a question of credibility for the board to resolve (*Matter of Petrov v Jaff Bros. Woodworks,* 65 AD2d 833). Considering the record in its entirety, we are of the opinion that there is substantial evidence to sustain the board's determination on the issues of accident, notice and causal relationship. The decision, therefore, must be affirmed. Decision affirmed, with costs to the Workers' Compensation Board against

the self-insured employer. Sweeney, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.