■ In the Matter of the Claim of GEORGE NIZICH, Respondent, v ROBERT F. BARRECA, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed March 24, 1981. On December 8, 1976, claimant, an insurance company adjuster, was involved in a near automobile collision while driving in the course of his employment and was forced to suddenly stop his car. He experienced immediate chest pains and numbness, which subsided, and he continued to work. Although a medical examination found him normal, symptoms reappeared intermittently culminating in a heart attack on December 30, 1976 while he was driving an auto during an evening out with friends. In reversing the referee's finding that claimant did not suffer a compensable accident, the board stated: "Upon review, the majority of the Board Panel finds based on the record as a whole, particularly the testimony of Dr. Spitzer and Dr. Hyman, that claimant's emotional trauma on December 8, 1976 superimposed on his underlying but dormant heart condition precipitated the myocardial infarction sustained on December 30, 1976, and that this constitutes an accidental injury within the meaning of the law and that the resultant disability is causally related thereto." This appeal ensued. Contrary to the employer's contention, an injury caused by emotional trauma resulting from a near automobile collision may be accidental within the purview of the compensation law (see *Matter of Wolfe v Sibley, Lindsay & Curr Co.*, 36 NY2d 505, 509; *Matter of Eckhaus v Adeck Stores*, 11 NY2d 862). The question of whether a causal relationship existed between the emotional strain of the near accident and the ensuing cardiac event was an issue of fact for the board, as was the resolution of the conflicting medical testimony (*Matter of Marincel v Goodyear Tire & Rubber Co.*, 50 AD2d 630, affd 40 NY2d 1032; *Matter of Diehl v American Oil Co.*, 48 AD2d 716). Here, claimant's attending physician, who examined claimant two days after the incident, testified that the incident described was a competent producing cause for the heart attack. His cardiologist found that the incident caused coronary artery compromise which eventuated in complete coronary thrombosis with myocardial infarction on December 30, 1976, and related the cardiac disability to the December 8, 1976 incident which occurred

at work. The employer's expert testified "it is my considered medical opinion that the initial episode initiated by the accident of December 8th ultimately eventuated in a fresh myocardial infarct". Questions of credibility, reasonableness and weight of medical proof are for the board to decide (*Matter of Rothstein v Consolidated Elec. Constr. Co.,* 84 AD2d 594). The board was free to accept or reject the whole or any part of the offered medical evidence (*Matter of Murtagh v St. Theresa's Nursing Home,* 84 AD2d 587). Since it is supported by substantial evidence, the board's determination must be affirmed (*Matter of Murtagh v St. Theresa's Nursing Home, supra; Matter of Baldassari v Greenwich Mills Co.,* 65 AD2d 839). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.