■ In the Matter of the Claim of MARGARET THOMPSON, Appellant, v NEW YORK STATE ROCHESTER PSYCHIATRIC CENTER et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Kane, J. Appeal from a decision of the Workers' Compensation Board, filed November 19, 1984, which ruled that the death of claimant's decedent was not causally related to his employment and denied the claim for death benefits.

Decedent injured his knee in the course of his employment. In order to alleviate severe pain associated with that injury, his physician began a course of treatment which included an injection of Depo-Medrol in the knee area. At that time, decedent was advised to consult an orthopedic specialist. However, at about 7:00 P.M. on the evening of April 10, 1979, claimant found decedent lying on the sofa moaning and groan-

ing. He died in the ambulance on the way to the hospital. No autopsy was performed, but the death certificate listed the immediate cause of death as acute coronary occlusion as a consequence of coronary artery disease of some 15 to 20 years' duration, and arteriosclerosis of some 20 to 30 years' duration.

There was conflicting medical evidence in the record as to whether the work-related accident and knee injury was a possible cause of death. Upon review of the matter by the Workers' Compensation Board, the record was referred to an impartial specialist who concluded that decedent's death and his knee injury were not related. Based upon the entire record, the Board found that decedent's death was not causally related to the work-related accident and the resulting knee injury. The record demonstrates substantial evidence to support this determination and, under such circumstances, it must be affirmed *(see, Matter of Bohn v Taiwan Rest.,* 58 AD2d 903). Additionally, we reject claimant's argument that she is entitled to the benefit of the presumption contained in Workers' Compensation Law § 21 (1) on the ground that the provisions of that statute are not applicable when, as here, decedent's death did not occur in the course of his employment.

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.