In the Matter of the Claim of ROSEMARY CONYERS, Respondent, v VAN RENSSELAER MANOR et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [914 NYS2d 439]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed March 23, 2009, which, among other things, ruled that claimant sustained a work-related lower back injury.

Claimant, a housekeeper, filed a claim for workers' compensation benefits in March 2006 asserting that she had sustained a lower back injury at work while lifting a pail of water in February 2005. After waking up in severe pain the morning after the injury, she went to the emergency room. She apparently did not return to work for the employer thereafter and, in March 2005, took an extended leave of absence under the Family Medical Leave Act (hereinafter FMLA); her employment was terminated in April 2006. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) disputed the claim. After fact-finding hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) concluded that there was sufficient credible evidence to establish accident, notice and causal relationship with regard to claimant's lower back injury, and placed the matter on the calendar for calculation of awards. Upon review, the Workers' Compensation Board affirmed, finding the WCLJ's findings of fact and credibility determinations—including those crediting claimant's testimony—to be fully supported by the record, and adopted them. The carrier now appeals.

Initially, the carrier contends that the weight of the credible testimony and evidence did not support the conclusion that claimant sustained an injury at work but, instead, established that she suffered an injury at home, which aggravated preexisting back problems. We cannot agree, cognizant that, upon review, this Court "will not disturb [a decision of the Board] if it is supported by substantial evidence, despite the existence of [substantial] evidence that may have supported a different result" (*Matter of Guifarro v Zalman, Reiss & Assoc.*, 52 AD3d 1126, 1127 [2008]), and that "[t]he Board is vested with the discretion to weigh conflicting evidence and evaluate the credibility of witnesses, and its resolution of such matters must be accorded great deference" (*Matter of Papadakis v Volmar Constr., Inc.*, 17 AD3d 874, 875 [2005] [citation omitted]).

Claimant testified that, while at work on February 24, 2005,[1] she pulled something in her back when she attempted to lift a mop pail full of water. She told coworkers about the incident and finished her shift. Upon waking the following morning in extreme back pain, she called in sick to work, went to the emergency room for treatment and was diagnosed with sciatica. She thereafter received medical treatment for back and leg pain with several physicians, including Prabhakar Chava, her primary care physician, Ronald Musto, her treating physician (who is also the employer's "comp doctor") and Deniston Stone, her chiropractor. She acknowledged that she had previously strained her back in 2004 when she was diagnosed with sciatica. Chava saw claimant shortly after the accident and then referred her to Musto because Musto handles workers' compensation cases at that practice. While Musto testified that claimant stated that her symptoms started when she awoke and got out of bed sometime in March 2005, he confirmed that she reported at her second visit that the onset of the symptoms occurred at work and he did not inquire further. Musto did not see improvement in her symptoms despite treatment and, in May 2006, he concluded that, as a result of her lower back injury, claimant had a permanent partial disability of a moderate degree, which he opined was causally related to her work.

Stone testified that he has treated claimant since March 2006, when she reported that her back pain stemmed from an incident at work in February 2005 when she lifted a mop bucket. He concluded that her description of the incident and symptoms was consistent with her medical history, and opined that she has a marked partial disability and there is a causal relationship between her disability and the work-related incident. He noted that the delayed onset of symptoms reported by claimant was common, and that the delay explained why she denied any known "injury" when treated at the emergency room the day after the incident and did not initially attribute her back pain to the work incident. In contrast, the carrier submitted the testimony of Dominici Belmonte, an occupational medicine specialist, who examined claimant and her medical records in 2008, three years after the incident. He concluded that she had not been injured in the course of her employment, she does not

---

1. We find that the credible evidence establishes that the work injury actually occurred on February 23, 2005 and that claimant called in sick and went for emergency treatment on February 24, 2005. The WCLJ's reference in its decision to dates in 2008 is clearly inadvertent and the Board simply referred to a date of injury in February 2005. However, the precise date of claimant's injury is not dispositive of any of the issues in this case.

have a causally-related disability and she required no further treatment.

The questions of whether claimant suffered an accidental injury in the course of her employment and gave timely notice are factual ones for the Board to resolve and, upon review, we will not disturb its conclusions where, as here, they are supported by substantial evidence, despite the existence of substantial evidence to support contrary conclusions (*see Matter of Donovan v BOCES Rockland County*, 63 AD3d 1310, 1312 [2009]). Claimant testified and produced competent proof, credited by the Board, that her injuries and limitations are causally related to her employment (*see Matter of Jaquin v Community Covenant Church*, 69 AD3d 998, 999 [2010]). We discern no basis in this record upon which to disturb the Board's discretionary weighing of the conflicting evidence and evaluation of witness credibility (*see Donovan v BOCES Rockland County*, 63 AD3d at 1312). The delay in the onset of claimant's symptoms was medically explained, as was her failure, initially, to attribute those symptoms to the February 2005 work incident. The proof and arguments submitted by the carrier that her injury occurred at home and was an aggravation to a preexisting back injury were speculative and not so inherently persuasive that the Board abused its discretion in rejecting them.

On the issue of notice, while claimant conceded that she did not give timely written notice of her injury to the employer (*see* Workers' Compensation Law § 18), on this record we find that the Board did not abuse its discretion in excusing this failure given the proof that the employer had actual knowledge of the injury (*see Matter of Dusharm v Green Is. Contr., LLC*, 68 AD3d 1402, 1403 [2009]). The Board credited claimant's testimony that she told her housekeeping supervisor, Carolyn MacDonald, about the incident three days later, and that she did not fill out the employer's incident report, as she had done on prior occasions after a work injury, because MacDonald did not give the papers to her or assist her. This is consistent with what claimant told her medical care providers, and with her FMLA leave of absence.[2] MacDonald's testimony that claimant did not provide verbal notice to her of this injury was based solely on the conclu-

2. The FMLA papers were not produced during the hearing process and are not part of the record. None of the witnesses was certain of the basis for the FMLA leave request or the underlying medical support provided. The WCLJ concluded that, because claimant was out of sick time and other leave time, she felt forced to take FMLA leave for this work-related injury, which was approved with medical verification, providing notice to the employer as early as March 15, 2005.

sion that if claimant had done so, she would have immediately filed an incident report pursuant to the employer's policy; however, she admitted that she simply had no recollection of these events. Thus, it was within the Board's discretion to credit claimant's essentially unrefuted testimony, and substantial evidence supports its conclusion that the employer had actual notice of her injury within days, excusing the lack of timely written notice (*see Matter of Coffey v Shop-Rite Supermarkets N.*, 39 AD3d 1006, 1007 [2007]).

Cardona, P.J., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.