■ In the Matter of the Claim of SAM NASSAR, Respondent, v MASRI FURNITURE & MERCHANDISE, INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent. [935 NYS2d 921]—

Stein, J.

We reject the employer's contention that the record does not contain substantial evidence establishing that claimant's injury was causally related to his employment. A number of witnesses testified that claimant worked for the employer during the time period in question. Moreover, both claimant and a coworker with whom he was working at the time he was injured testified that claimant was working for the employer lifting furniture when he hurt his back and neck. Claimant and the coworker further stated that the pain continued thereafter, requiring claimant to cease working. Any inconsistencies in the testimony or contrary testimony given by the employer presented a credibility issue for the Board to resolve (*see Matter of Klamka v Consolidated Edison Co. of N.Y., Inc.*, 84 AD3d 1527, 1528 [2011]; *Matter of Conyers v Van Rensselaer Manor*, 80 AD3d 914, 916 [2011]), and it was not bound by the findings of the Workers' Compensation Law Judge (*see Matter of Jones v New*

*York State Dept. of Correction*, 35 AD3d 1025, 1025 [2006]; *Matter of Lewis v Cambridge Filter Corp.*, 132 AD2d 802, 803 [1987], *lv dismissed* 70 NY2d 871 [1987], *lv denied* 71 NY2d 805 [1988]). Furthermore, uncontradicted medical evidence was presented establishing a causal relationship between the injury that claimant sustained while lifting furniture at the employer's premises and the disability to his back and neck. Therefore, we find no reason to disturb the Board's decisions.

Peters, J.P., Malone Jr., Garry and Egan Jr., JJ., concur.

Ordered that the decisions are affirmed, with costs to claimant.