Devine, J.
 

 Appeal from a decision of the Workers’ Compensation Board, filed February 24, 2016, which ruled, among other things, that claimant sustained a causally-related injury to her left knee and awarded workers’ compensation benefits.
 

 Claimant worked at a bakery where she made and packaged bread. On April 3, 2015, she twisted her left leg while stacking boxes at the bakery. The following day, she saw her treating physician who removed her from work due to her knee injury.
 

 Claimant continued to seek medical treatment for her injury and filed a claim for workers’ compensation benefits on or about May 27, 2015. The employer controverted the claim and a hearing was conducted before a Workers’ Compensation Law Judge (hereinafter WCLJ) on the issues of accident, notice and causal relationship. At the conclusion of the hearing, the WCLJ established the claim for a work-related injury to claimant’s left knee. The Workers’ Compensation Board affirmed this decision and the employer and its workers’ compensation carrier (hereinafter collectively referred to as the employer) now appeal.
 

 The employer argues, among other things, that claimant failed to provide timely written notice in accordance with Workers’ Compensation Law § 18. That statute requires a claimant who is seeking workers’ compensation benefits to give the employer written notice of an injury within 30 days of the accident causing such injury (see Workers’ Compensation Law § 18; Matter of Johnson v T.L. Cannon Mgt., 145 AD3d 1202, 1203 [2016]; Matter of McNichols v New York City Dept. of Corn, 140 AD3d 1557, 1557 [2016]). The failure to do so may be excused by the Board in its discretion where such notice could not have been given for some sufficient reason, the employer or one of its agents had knowledge of the accident or the employer did not suffer prejudice (see Workers’ Compensation Law § 18; Matter of Johnson v T.L. Cannon Mgt., 145 AD3d at 1203; Matter of McNichols v New York City Dept. of Corn, 140 AD3d at 1557).
 

 Here, claimant testified through a Gujarati interpreter that she injured her leg while stacking boxes during her shift on April 3, 2015 and that she reported the incident to her supervisor when her shift ended. The employer’s representative testified that the employer’s policy for reporting work-related accidents was not followed and that claimant’s supervisor did not report the incident to her. She stated that she first learned of it when she visited claimant’s home on May 11, 2015 to investigate a work-related accident involving claimant’s husband, at which time she observed claimant wearing a leg brace and obtained a written statement from claimant regarding her injury. The Board credited the testimony of claimant, noting the presence of a language barrier and the absence of any conflicting testimony from claimant’s supervisor, and found that the employer was notified by claimant of the incident that caused her injury. We defer to the Board’s credibility determination in this regard (see Matter of McMullen v Fisher Body Div., Gen. Motors Corp., 69 AD2d 971, 971 [1979]) and conclude that it did not abuse its discretion in excusing claimant’s failure to provide timely written notice based upon the employer’s actual knowledge (see Matter of Hasbrouck v Harloff, 122 AD3d 1014, 1015 [2014]; Matter of Conyers v Van Rensselaer Manor, 80 AD3d 914, 916 [2011]).
 

 The employer also challenges the Board’s finding that claimant sustained an injury to her left knee that was causally related to an incident at work. Preliminarily, we note that “[t]he Board is empowered to determine the factual issue of whether a causal relationship exists based upon the record, and its determination will not be disturbed when supported by substantial evidence” (Matter of Oparaji v Books & Rattles, 147 AD3d 1165, 1165 [2017] [internal quotation marks and citations omitted], lv denied 29 NY3d 918 [2017]; see Matter of Searchfield v Lowe’s Home Ctrs., Inc., 92 AD3d 1038, 1039-1040 [2012]). Here, the employer’s claim that the medical evidence does not support the finding of a causal relationship is based on inconsistencies in claimant’s medical history as set forth in various medical reports, not on any divergence in medical opinion. Although most of the reports related that claimant injured her knee on April 3, 2015 while at work, one stated that she injured her knee when she fell at home. These conflicting reports again presented a question of credibility for the Board to resolve (see Matter of Conyers v Van Rensselaer Manor, 80 AD3d at 914) and, deferring to the Board’s resolution of that question, substantial evidence supports its finding that she sustained a causally-related injury to her left knee (see Matter of Brown v Penguin A.C., 113 AD3d 1009, 1009 [2014]; Matter of Nassar v Masri Furniture & Mdse., Inc., 91 AD3d 1022, 1022-1023 [2012]).
 

 It is doubtful that the employer properly preserved, in its application for Board review, the argument that it was deprived of an opportunity to cross-examine one of claimant’s physicians. In any event, the Board credited claimant’s testimony as to how the accident occurred. A record prepared by the physician in question raises a question as to when he signed it, but cross-examination on that subject would have been pointless inasmuch as there was no medical dispute as to whether the accident, if it occurred as described by claimant, caused her injuries. Accordingly, “[i]n the absence of a viable difference in the expert opinions expressed in the medical reports, no prejudice accrue [d] as a result of the denial of the right to cross-examine” and reversal would not be required (Matter of Bryan v Borg-Warner Automotive, 293 AD2d 856, 857 [2002]; see Matter of Robideau v Van Rensselaer Manor, 56 AD3d 866, 867-868 [2008]).
 

 McCarthy, J.P., Rose, Mulvey and Rumsey, JJ., concur.
 

 Ordered that the decision is affirmed, without costs.