Matter of Ellis v First Student, Inc. (2019 NY Slip Op 05820)





Matter of Ellis v First Student, Inc.


2019 NY Slip Op 05820


Decided on July 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 25, 2019

527383

[*1]In the Matter of the Claim of KEVIN ELLIS, Claimant,
v
FIRST STUDENT, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: June 7, 2019

Before: Egan Jr., J.P., Lynch, Mulvey, Devine and Rumsey, JJ.


Walsh and Hacker, Albany (Glenn D. Chase of counsel), for appellants.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a decision of the Workers' Compensation Board, filed November 17, 2017, which ruled that claimant sustained causally-related injuries to his right knee and right shoulder.
In November 2014, claimant, a school bus driver, sustained work-related injuries when he was struck by a vehicle. Claimant's subsequent claim for workers' compensation benefits was established for a work-related injury to his back, left hip and left knee, and the case was continued for further development of the record as to whether the claim should be amended to include causally-related injuries to the right knee and right shoulder. Following the submission of medical evidence and testimony, a Workers' Compensation Law Judge found that claimant had sustained causally-related injuries to his right knee and right shoulder and permitted amendment of the established claim. Upon administrative review, the Workers' Compensation Board adopted those findings and affirmed. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) now appeal.
We affirm. "The Board is empowered to determine the factual issue of whether a causal relationship exists based upon the record, and its determination will not be disturbed when supported by substantial evidence" (Matter of Bufearon v City of Rochester Bur. of Empl. Relations, 167 AD3d 1391, 1392 [2018] [internal quotation marks and citations omitted]; accord Matter of Kemraj v Garelick Farms, 164 AD3d 1504, 1504 [2018]; Matter of Park v Corizon Health Inc., 158 AD3d 970, 971 [2018], lv denied 31 NY3d 909 [2018]). Claimant bears the burden of demonstrating, by competent medical evidence, the causal connection or relationship between his employment and the claimed disability (see Matter of Turner v New York City Dept. [*2]of Juvenile Justice, 159 AD3d 1236, 1237 [2018]; Matter of Park v Corizon Health Inc., 158 AD3d at 971; Matter of Venditti v D'Annunzio & Sons, 128 AD3d 1303, 1304 [2015]). Such evidence must signify a probability of the underlying cause that is supported by a rational basis and must not be based upon a general expression of possibility (see Matter of Bufearon v City of Rochester Bur. of Empl. Relations, 167 AD3d at 1393; Matter of Levin v Rensselaer Polytechnic Inst., 164 AD3d 1505, 1505 [2018]; Matter of Park v Corizon Health Inc., 158 AD3d at 971; Matter of Corina-Chernosky v Dormitory Auth. of State of N.Y., 157 AD3d 1067, 1069 [2018]).
Although claimant testified that he started experiencing pain in his right knee and right shoulder about a month after the accident when he returned to work in December 2014, he also stated that he started having pain in his right knee as early as a week or week and a half after the accident. Claimant indicated that he first felt pain in his right shoulder upon returning to work and attempting to open a school bus hatch, and he surmised that he had not felt pain prior to that point because he had not been using his right shoulder for a month while he was out of work following the accident. Claimant also testified that he had not injured his right knee or right shoulder prior to the November 2014 accident. Charles Peralo, an orthopedist who reviewed claimant's medical history, first examined claimant on December 5, 2014 and performed surgery on claimant's right shoulder in August 2015, testified that he obtained MRI results for claimant's knees and right shoulder, which revealed impingement syndrome in claimant's right shoulder and a medial meniscus tear in his right knee. Peralo stated that claimant had no prior history of medical problems with, or trauma to, his right knee and right shoulder prior to the accident and concluded that these injuries were causally related to claimant's November 2014 work-related accident.
Harvey Siegel, a physician who reviewed claimant's medical history and performed an independent medical examination of claimant on behalf of the carrier, opined that claimant's symptomology in his right knee and right shoulder was not causally related to the November 2014 accident and was attributable to degenerative changes and significant arthritis at those sites. Siegel acknowledged, however, that there was no evidence or medical history of any injuries or treatment to claimant's right knee and right shoulder prior to the accident, and an MRI of claimant's right knee confirmed that claimant had sustained, among other things, a meniscus tear. Although there was medical testimony from Siegel that could support a finding that claimant's injuries to his right knee and right shoulder were not causally related to his accident at work, it is within the Board's province to assess the credibility of the medical testimony presented, and it was free to reject any portion of that testimony (see Matter of Levin v Rensselaer Polytechnic Inst., 164 AD3d at 1506; Matter of Elias-Gomez v Balsam View Dairy Farm, 162 AD3d 1356, 1358 [2018]; Matter of Conyers v Van Rensselaer Manor, 80 AD3d 914, 916 [2011]). In this regard, the Board credited the medical testimony from Peralo, who found that claimant's injuries were causally related to the November 2014 accident, and the Board was entitled to reject the competing opinion from Siegel (see Matter of Larosa v ABC Supply Co., Inc., 159 AD3d 1321, 1322-1323 [2018]; Matter of Dupont v Quality Distrib., Inc., 158 AD3d 967, 969-970 [2018]; Matter of Kinkhabwala v ADP Totalsource FL XIX Inc., 156 AD3d 1265, 1267 [2017]). Accordingly, substantial evidence supports the Board's finding that claimant met his burden of establishing that his injuries to his right knee and right shoulder were causally related to the work-related accident (see Matter of Bufearon v City of Rochester Bur. of Empl. Relations, 167 AD3d at 1393-1394; Matter of Derouchie v Massena W.-WC-Smelter, 160 AD3d 1310, 1311-1312 [2018]; Matter of Kinkhabwala v ADP Totalsource FL XIX Inc., 156 AD3d at 1266-1267).
Egan Jr., J.P., Lynch, Devine and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.