Matter of Hummer v Riccelli Enters., Inc. (2026 NY Slip Op 00648)

Matter of Hummer v Riccelli Enters., Inc.

2026 NY Slip Op 00648

Decided on February 11, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 11, 2026

CV-25-0026
[*1]In the Matter of the Claim of Robert William Hummer, Respondent,
vRiccelli Enterprises, Inc., et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:January 6, 2026

Before:Garry, P.J., Reynolds Fitzgerald, McShan, Powers and Mackey, JJ.

Melvin & Melvin, PLLC, Syracuse (Susan E. Otto of counsel), for appellants.
Meggesto, Crosset & Valerino, LLP, Syracuse (Grace M.V. Salerno of counsel), for Robert William Hummer, respondent.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.

Powers, J.
Appeal from a decision of the Workers' Compensation Board, filed July 9, 2024, which ruled that claimant sustained a temporary causally-related marked partial disability.
Claimant, who had previously injured his back in 2017 while working at a different job, asserted that he sustained a new lower back injury on May 31, 2022 when, in the course of his work as a laborer for the employer, a paving machine ran into him as he was raking asphalt. The employer and its workers' compensation insurance carrier (hereinafter collectively referred to as the carrier) controverted the ensuing workers' compensation claim upon the grounds that the 2022 accident had not occurred and that, even if it had, claimant's symptoms were related to his preexisting back problems. A Workers' Compensation Law Judge subsequently found that claimant sustained a work-related injury to his lower back that was unrelated to the prior injury and awarded benefits. After an orthopedic surgeon conducted a June 2023 independent medical examination and concluded that the injuries claimant sustained in the 2022 accident had resolved and that his continuing symptoms related to his prior injury, the carrier argued that claimant had no further causally-related disability. The Workers' Compensation Law Judge directed that the orthopedic surgeon who conducted that examination and the nurse practitioner who regularly treated claimant be deposed and, thereafter, found that the credible evidence did not establish that claimant suffered from an ongoing causally-related disability. The Workers' Compensation Board disagreed upon administrative review, found that claimant had a causally-related marked partial disability and awarded ongoing benefits. The carrier appeals.[FN1]
We affirm. The Board is tasked with resolving the factual question of whether a causal relationship exists between a claimant's injury and his or her employment, and its determination will not be disturbed if supported by substantial evidence in the record (see Matter of Arce v Schear Constr., LLC, 232 AD3d 1022, 1023 [3d Dept 2024]; Matter of Bonitto v Vivid Mech. LLC, 231 AD3d 1222, 1223 [3d Dept 2024]). As the party seeking benefits, it is the claimant who bears the burden of demonstrating the existence of a causal relationship via competent medical evidence (see Matter of Balseca v Hudson Concrete Inc., 238 AD3d 1415, 1415 [3d Dept 2025]; Matter of Bonitto v Vivid Mech. LLC, 231 AD3d at 1223). Notably, where there are conflicting medical opinions on the issue of causality, the Board is vested with authority to resolve those conflicts, and we accord great deference to its credibility determinations (see Matter of Bonitto v Vivid Mech. LLC, 231 AD3d at 1223; Matter of Brown v Van Liner Ins. Co., 227 AD3d 1331, 1333 [3d Dept 2024]).
Here, the nurse practitioner testified, and claimant's medical records reflected, that he had degenerative changes in his spine that caused symptoms on the left side of his body prior to the 2022 accident [*2]but that, with medication and treatment, this did not limit his ability to do his job or other daily activities. Her examinations of claimant led her to conclude that, as a result of the 2022 accident, he sustained a separate "twisting injury and contusion to the . . . right mid-thoracic back" that caused new symptoms on the right side of his body. Indeed, both the orthopedic surgeon who later authored the 2023 medical examination report and other physicians who had examined claimant agreed that he had sustained such a causally-related injury. The nurse practitioner testified that it was these new symptoms on the right side of claimant's body, caused by the 2022 injury, that continued to be disabling in 2023.[FN2] The orthopedic surgeon who conducted the 2023 medical examination disagreed, opining that the lumbar strain claimant suffered in the 2022 accident was no longer symptomatic by June 2023 and that his continuing symptoms "were more likely due to his preexisting, underlying problem." Even the orthopedic surgeon acknowledged, however, that it was "difficult to differentiate" between the two and that he could not "say with [100%] accuracy" which was responsible for claimant's ongoing disability. The Board resolved the credibility question raised by these conflicting opinions by crediting the opinion of the nurse practitioner that claimant's ongoing disability was connected to the injuries he sustained in the 2022 accident and, deferring to that assessment, substantial evidence in the record supports its finding of a continuing causally-related disability despite proof that could support a different result (see Matter of Brown v Van Liner Ins. Co., 227 AD3d at 1334; Matter of Dupont v Quality Distrib., Inc., 158 AD3d 967, 969-970 [3d Dept 2018]; Matter of Conyers v Van Rensselaer Manor, 80 AD3d 914, 916 [3d Dept 2011]).
The carrier's remaining contentions have been examined and rejected.
Garry, P.J., Reynolds Fitzgerald, McShan and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: The employer had requested that the Board substitute Riccelli Northern Contracting, LLC, in its place, and the notice of appeal names that entity as an appealing party rather than the purportedly "[m]isidentified" employer. The Board makes clear in its brief that it has taken no action upon the request for substitution and that the named employer remains unchanged, however, and we proceed accordingly.

Footnote 2: The carrier suggests that the nurse practitioner's opinion was open to question because she found that claimant had a 100% causally-related disability as opposed to the partial disability found by the Board but, as the Board itself noted, the nurse practitioner clarified in her testimony that claimant was unable to return to the work he had been doing as a laborer but could do other work within his physical restrictions.