■ Covino Brothers, Inc., Respondent, v City of Plattsburgh, Appellant. — Appeal (1) from an order of the Supreme Court at Special Term (Harvey, J.), entered April 21, 1983 in Clinton County, which partially granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon. Order and judgment affirmed, with costs, upon the opinion of Justice Norman L. Harvey at Special Term. Mahoney, P. J., Casey, Mikoll and Levine, JJ., concur.

■ In the Matter of the Claim of Carl J. Pierce, Respondent, v New York Telephone Company, Appellant. Workers' Compensation Board, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed February 16, 1983. The employer contends that substantial evidence in the record is lacking to support the board's finding that claimant should be excused from failing to give the notice required by section 18 of the Workers' Compensation Law. Specifically, the board found that the employer was not prejudiced by claimant's late notice of the work-related injury since claimant received prompt medical treatment and the employer was not impeded in its investigation of the claim. If supported by substantial evidence in the record, such findings are sufficient to excuse claimant's late notice (see *Matter of Cortese v Rochester Prods. Div.*, 91 AD2d 802, 803; *Matter of Pollack v Baronette Lingerie*, 65 AD2d 831, 832). Here, it is undisputed that claimant received prompt medical attention so that his condition did not deteriorate. On the question of whether the employer's investigation was impeded, it appears that the accident was unwitnessed and that claimant's medical records and relevant doctor's reports are available, as are the employer's records concerning claimant's whereabouts on the date of the injury. Under such circumstances, it was not irrational for the board to conclude that the employer was not prejudiced by claimant's five-week delay in giving notice. The employer also argues that the board failed to pass on its contention that the claim was merely an "afterthought" on claimant's part. The board apparently was of the view that this contention was simply a part of the employer's assertion that the claim should be rejected for lack of notice, but now the employer urges that its contention raised questions of causal relationship and accident which should have been decided by the board. Our review of the record convinces us that the employer failed to adequately raise and preserve the issues which it now contends were implicit in the wording of its statement of the issues presented to the board. Thus, we are unable to pass on the questions raised for the first time on appeal (see *Matter of Smith v Shady Lawn Home for Adults*, 67 AD2d 1069, 1070). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.