■ In the Matter of the Claim of DARLENE KNISELL, Respondent, v TREASURE CHEST ADVERTISING COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [750 NYS2d 151] —Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed November 13, 2001, which, inter alia, ruled that claimant sustained a causally related neck injury.

Claimant was injured at work on October 12, 1999 when she bent down under a cutter to pick up a pile of books that she had dropped and slammed her neck and shoulder on the edge of the cutter when she stood up. Claimant reported the accident to her supervisor, and an accident report completed at that time indicated that the injured body part was claimant's left arm. According to claimant, she began to experience a stiff neck, pain down her neck and diminished sensation in her fingers about one week later, causing her to seek medical attention. On January 10, 2000, she filed a claim for workers' compensation benefits for injury to her left arm, shoulder and neck. Ultimately, a Workers' Compensation Law Judge determined that so much of the claim as sought compensation for injuries to claimant's neck was barred by Workers' Compensation Law § 18, which requires that notice of an injury for which compensation is payable be given to the employer within 30 days after the accident causing the injury. On administrative appeal, however, the Workers' Compensation Board reversed and found that the case had been established for accident, notice and causal relationship for an injury to claimant's neck resulting from the October 12, 1999 incident. The employer appeals.

We affirm. In our view, the Board's conclusion, that the employer's January 24, 2000 report of the work-related accident "indicates that [the employer] was aware of an injury to claimant's arm, shoulder, and neck on October 12, 1999," is not unreasonable. Notably, the report describes the injury as one to claimant's left arm, shoulder and neck, and indicates that the employer first knew of the injury on October 12, 1999, leading rationally to the inference drawn by the Board. We therefore conclude that, although the evidence greatly preponderated in favor of a finding that the employer received no no-

tice of the injury to claimant's neck within the 30-day period prescribed by Workers' Compensation Law § 18, the Board's contrary finding was nonetheless supported by substantial evidence in the record (*see Matter of Tagliavento v Borg-Warner Auto*, 252 AD2d 753, 754).

Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.