*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 19, 2015                    520473
_____

In the Matter of the Claim of
    IVAN LOPADCHAK,
                        Respondent,

        v
                                            MEMORANDUM AND ORDER

R.W. EXPRESS LLC et al.,
                        Appellants.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____


Calendar Date:  October 16, 2015

Before:  McCarthy, J.P., Rose, Lynch and Devine, JJ.

                        _____


        Malapero & Prisco, LLP, New York City (David H. Allweiss of counsel), for appellants.

        Eric T. Schneiderman, Attorney General, New York City (Donya Fernandez of counsel), for Workers' Compensation Board, respondent.

                        _____


McCarthy, J.P.

        Appeal from a decision of the Workers' Compensation Board, filed March 26, 2014, which ruled that claimant was excused from providing timely notice of his accident pursuant to Workers' Compensation Law § 18.

        Claimant submitted a claim for workers' compensation benefits alleging that he was injured in an automobile accident that occurred while he was working on January 2, 2012.  The employer and its workers' compensation carrier (hereinafter

collectively referred to as the employer) controverted the claim, contending, among other things, that claimant had not provided written notice of the accident within 30 days of its occurrence (see Workers' Compensation Law § 18).  The Workers' Compensation Board excused the lack of timely notice, finding that the employer was not prejudiced thereby, and the employer now appeals.

We affirm.  Failure to provide timely written notice of an accident to an employer pursuant to Workers' Compensation Law § 18 generally bars the claim "unless the Board excuses that failure on the ground that notice could not be given, the employer or its agent had knowledge of the accident, or the employer was not prejudiced" (Matter of Dusharm v Green Is. Contr., LLC, 68 AD3d 1402, 1403 [2009]; see Matter of Rankin v Half Hollow Hills Cent. Sch. Dist., 105 AD3d 1242, 1242 [2013]). Here, although claimant did not provide written notice of the January 2, 2012 accident to the employer, he filed his claim for benefits based upon that accident with the Workers' Compensation Board on January 31, 2012.  On February 6, 2012, the Board provided its Notice of Case Assembly to the employer, which informed the employer of the claim, the date of the accident and that claimant was alleging injuries to his head, neck and back. Notably, the record reflects that claimant received prompt medical attention, including MRIs of his lumbar and cervical spine in February 2012.  Under these circumstances, substantial evidence supports the decision of the Board that the short delay between the expiration of the 30-day notice period and the employer receiving notice of the claim did not prejudice the employer so as to prevent it from properly investigating the claim (see Matter of Pierce v New York Tel. Co., 99 AD2d 898, 898 [1984]; compare Matter of Rote v Lexington Ctr., 2 AD3d 1085, 1085-1086 [2003]).  The employer's remaining claims have been examined and found to be without merit.

Rose, Lynch and Devine, JJ., concur.

ORDERED that the decision is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court