*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 30, 2016                521038
_____

In the Matter of GREGORY
    McNICHOLS,
                    Respondent,

        v

NEW YORK CITY DEPARTMENT OF                MEMORANDUM AND ORDER
    CORRECTIONS,
                    Appellant.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  June 2, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Aarons, JJ.

_____

        Zachary W. Carter, Corporation Counsel, New York City (Edan Burkett of counsel), for appellant.

        Law Office of Joseph A. Romano, New York City (Joseph A. Romano of counsel), for Gregory McNichols, respondent.

        Eric T. Schneiderman, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.

_____

Devine, J.

        Appeal from a decision of the Workers' Compensation Board, filed July 30, 2014, which ruled, among other things, that claimant was excused from providing timely notice of his accident pursuant to Workers' Compensation Law § 18.

Claimant, a correction officer, sustained injuries on November 23, 2010 when he was assaulted by multiple inmates. His ensuing application for workers' compensation benefits was established for injuries to his back and left shoulder. Claimant continued to receive medical treatment for pain and, in October 2012, requested authorization for cervical spine surgery. The self-insured employer denied authorization on the ground that the neck was not an established injury site. Claimant nevertheless underwent surgery that month.

Thereafter, claimant sought to establish the neck condition as an additional causally-related injury, prompting the employer to object on the ground of lack of timely notice pursuant to Workers' Compensation Law § 18. Following a hearing, the Workers' Compensation Board, reversing a finding of a Workers' Compensation Law Judge, found that the employer was not prejudiced by the lack of notice and amended the claim to include a neck injury. This appeal by the employer ensued.

We affirm. Workers' Compensation Law § 18 requires written notice of an injury "within [30] days after the accident causing such injury." "Failure to give the required notice may be excused by the . . . Board based upon [claimant's showing] that such notice could not, for some sufficient reason, be given, or that the employer . . . had actual knowledge of the accident . . . or, finally, that the employer was not prejudiced by the delay" (Matter of Rote v Lexington Ctr., 2 AD3d 1085, 1085 [2003] [internal quotation marks and citations omitted]; see Matter of Lopadchak v R.W. Express LLC, 133 AD3d 1077, 1077 [2015]). "No prejudice will be found to exist where the employer had actual independent knowledge of the event or where the delay neither aggravated the injury nor prevented the employer from properly investigating the claim" (Matter of Miner v Cayuga Correctional Facility, 14 AD3d 784, 785 [2005] [citation omitted]).

Here, it is undisputed that the employer had timely written notice that claimant had sustained injuries during the assault (see Matter of Logan v New York City Health & Hosp. Corp., 139 AD3d 1200, 1202-1203 [2016]). The Board credited claimant's testimony that he had not sustained any subsequent accident or injury to his neck and, moreover, noted that an independent

medical examiner had examined claimant prior to the surgery and issued a report reflecting claimant's complaints of causally related neck pain.  Substantial evidence thus supports the Board's finding that there was no prejudice to the employer by the late notice of the neck injury (see Matter of McCarthy v Verizon Wireless, 83 AD3d 1352, 1353 [2011]; Matter of Hollenbeck v Hollenbeck & Dailey, 2 AD3d 1068, 1068-1069 [2003]; Matter of Knisell v Treasure Chest Adv. Co., 298 AD2d 820, 821 [2002]; Matter of Keegan v Kraft, Inc., 195 AD2d 775, 775 [1993]).

McCarthy, J.P., Garry, Lynch and Aarons, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court