## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: December 8, 2016        520457
_____

In the Matter of the Claim of
   KEVIN JOHNSON,
               Appellant,

     v

T.L. CANNON MANAGEMENT et al.,        MEMORANDUM AND ORDER
              Respondents.

WORKERS' COMPENSATION BOARD,
              Respondent.
_____

Calendar Date: October 17, 2016

Before: Egan Jr., J.P., Rose, Clark, Mulvey and Aarons, JJ.

_____

     Ramos & Ramos, Buffalo (Joshua I. Ramos of counsel), for appellant.

     Hamberger & Weiss, Buffalo (Kristine Machelor of counsel), for T.L. Cannon Management and another, respondents.

_____

Aarons, J.

     Appeal from a decision of the Workers' Compensation Board filed October 20, 2014, which ruled, among other things, that claimant did not give timely notice of injury and denied his claim for workers' compensation benefits.

     Claimant, a broiler cook at a restaurant, allegedly sustained a work-related injury in February 2012. While claimant immediately sought medical treatment, he did not apply for workers' compensation benefits until April 2013. The employer and its workers' compensation carrier objected to the claim.

Following a hearing, the Workers' Compensation Law Judge, among other things, concluded that claimant did not provide timely notice of the alleged accident to the employer and disallowed claimant's claim. The Workers' Compensation Board subsequently adopted the findings and decision of the Workers' Compensation Law Judge. Claimant now appeals.

We affirm. A claimant seeking workers' compensation benefits must give the employer written notice of the claim within 30 days of sustaining a compensable injury (see Workers' Compensation Law § 18; Matter of Dixon v Almar Plumbing, 111 AD3d 1230, 1232 [2013]; Matter of Flynn v Ace Hardware Corp., 38 AD3d 1143, 1144 [2007]). A claimant's failure to give timely written notice may be excused in situations where notice could not be given, the employer or its agent had knowledge of the accident or the employer did not suffer any prejudice (see Matter of Rankin v Half Hollow Hills Cent. Sch. Dist., 105 AD3d 1242, 1242 [2013]; Matter of Dusharm v Green Is. Contr., LLC, 68 AD3d 1402, 1403 [2009]). The Board, however, is not required to excuse a claimant's failure to give timely notice even where one of those grounds is proven (see Matter of Bennett v Putnam N. Westchester BOCES, 123 AD3d 1397, 1398 [2014]). Such decision lies within the Board's discretion (see Matter of Dudas v Town of Lancaster, 90 AD3d 1251, 1252-1253 [2011]).

At the hearing, claimant's supervisor testified that he did not recall claimant ever reporting an injury to him. The supervisor further testified that whenever an employee suffers an injury at work, an accident report must be completed in the presence of the employee, and such a report was not completed concerning claimant's alleged work injury. While claimant testified that he orally notified his supervisor about his accident, the record is devoid of any documentation to substantiate claimant's testimony. Furthermore, to the extent that claimant's version of the events conflicted with that of his supervisor, such credibility determinations by the Board are accorded great deference (see Matter of Rankin v Half Hollow Hills Cent. Sch. Dist., 105 AD3d at 1242; Matter of Papadakis v Volmar Constr., Inc., 17 AD3d 874, 875 [2005]). Based on the foregoing and given the 14-month delay between claimant's accident and the filing of his claim for workers' compensation

benefits, we discern no basis to disturb the Board's determination (see Matter of Bennett v Putnam N. Westchester BOCES, 123 AD3d at 1399; Matter of Dixon v Almar Plumbing, 111 AD3d at 1232).

In light of our determination, it is unnecessary to address claimant's remaining contention.

Egan Jr., J.P., Rose, Clark and Mulvey, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court