■ In the Matter of the Claim of MICHAEL RYDSTROM, Appellant, v PRECISION CARPENTRY OF WESTCHESTER, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [55 NYS3d 521]—

Mulvey, J. Appeal from a decision of the Workers' Compensation Board, filed December 4, 2015, which ruled, among other things, that claimant did not give timely notice of injury and denied his claim for workers' compensation benefits.

Claimant, a carpenter, reportedly sustained injuries when a steal cable fell on him at a construction site on July 8, 2014. Claimant did not report the incident to his supervisor or complete an accident report, and continued to work. Claimant was fired three days later for an unrelated reason, and he did not seek medical care until October 31, 2014. Claimant filed for workers' compensation benefits by submitting a C-3 form dated November 3, 2014, and the employer and its workers' compensation carrier thereafter raised the issue of claimant's failure to timely report the accident. Following a hearing, the Workers' Compensation Board disallowed the claim finding that it was not timely filed. Claimant appeals.

We affirm. Workers' Compensation Law § 18 requires that a claimant seeking workers' compensation benefits must provide written notice of an injury "within [30] days after the accident causing such injury" (see Matter of McNichols v New York City Dept. of Corr., 140 AD3d 1557, 1557 [2016]). The failure to give timely written notice generally precludes a claim unless the Board excuses the failure on the ground that "notice could not be given, the employer or its agent had knowledge of the accident or the employer did not suffer any prejudice" (Matter of Johnson v T.L. Cannon Mgt., 145 AD3d 1202, 1203 [2016]; see Workers' Compensation Law § 18; Matter of Lopadchak v R.W. Express LLC, 133 AD3d 1077, 1077 [2015]).

Here, the supervisor testified that claimant never reported the alleged accident or filed the required accident report, and claimant conceded that he had not done so and was not aware of any witnesses. Thus, claimant failed to establish that the employer had actual knowledge of the alleged incident. While claimant testified that he did not report the alleged accident because he feared losing his job and thought that the injury "would go away by itself," the Board rationally concluded that this was not a situation in which notice could not be given. To

that end, claimant offered no plausible explanation for why he did not report the alleged accident even after he was fired days later or despite the fact that he "continually had pain."

The record also supports the Board's discretionary determination that claimant failed to demonstrate that the employer was not prejudiced as a result of the lack of timely notice (*see Matter of Johnson v T.L. Cannon Mgt.*, 145 AD3d at 1203; *cf. Matter of McNichols v New York City Dept. of Corr.*, 140 AD3d at 1557-1558; *Matter of Lopadchak v R.W. Express LLC*, 133 AD3d at 1077). "No prejudice will be found to exist where the employer had actual independent knowledge of the event or where the delay neither aggravated the injury nor prevented the employer from properly investigating the claim" (*Matter of McNichols v New York City Dept. of Corr.*, 140 AD3d at 1557 [internal quotation marks and citation omitted]). The record supports the Board's finding that the delay aggravated claimant's injury, as the medical records from when claimant first obtained medical treatment four months after the alleged accident reflect that "his symptoms have been getting progressively worse." Further, the Board reasonably concluded that belated notice "frustrated the employer's efforts to interview the individuals who allegedly dropped the steel cable which injured claimant." Given the foregoing, we discern no basis upon which to disturb the Board's determination (*see Matter of Johnson v T.L. Cannon Mgt.*, 145 AD3d at 1203).

Finally, we reject claimant's contentions that the employer failed to timely controvert the claim. The Board's decision makes clear that the case was never indexed by the Board. Accordingly, the provisions of Workers' Compensation Law § 25 (2) (b) are inapplicable to the extent that they require that an employer who wishes to controvert the claim must file a notice of controversy within 25 days of the mailing of notice that the case has been indexed or face preclusion of certain claims and evidence (*see Matter of Enriquez v Home Lawn Care & Landscaping, Inc.*, 77 AD3d 1149, 1150 [2010]; *compare Matter of Cappellino v Baumann & Sons Bus Co.*, 18 NY3d 890, 891-892 [2012]; *Matter of Stevenson v Yellow Roadway Corp.*, 114 AD3d 1057, 1059 [2014]).

Peters, P.J., Garry, Devine and Aarons, JJ., concur. Ordered that the decision is affirmed, without costs.