Matter of Taylor v Little Angels Head Start (2018 NY Slip Op 05983)





Matter of Taylor v Little Angels Head Start


2018 NY Slip Op 05983


Decided on September 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 6, 2018

526156

[*1]In the Matter of the Claim of LAVERNE TAYLOR, Appellant,
v
LITTLE ANGELS HEAD START et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: August 23, 2018

Before: Garry, P.J., Egan Jr., Devine, Clark and Aarons, JJ.


Geoffrey Schotter, New York City, for appellant.
Vecchione, Vecchione, Connors & Cano, LLP, Garden City Park (Brian Anson of counsel), for Little Angels Head Start and others, respondents.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed May 4, 2017, which ruled, among other things, that claimant did not give timely notice of injury and denied her claim for workers' compensation benefits.
Claimant worked in various capacities — most recently as an agency coordinator — for the employer until February 2013, at which time she was placed on medical leave due to a bilateral knee condition. Although claimant attributed the worsening of this preexisting condition to changes in her job duties, neither of her initial treating physicians stated that her medical condition was causally-related to her employment. More than one year later, and after consulting with a different orthopedist, claimant applied for workers' compensation benefits, attributing her bilateral knee condition to walking between the employer's work sites and the repetitive stair climbing associated with her job duties. The employer and its workers' compensation carrier controverted the claim raising, among other things, lack of timely notice under Workers' Compensation Law § 18. Following numerous hearings and depositions, a Workers' Compensation Law Judge found that claimant had sustained a work-related injury to both knees and awarded benefits. Upon review, the Workers' Compensation Board reversed and denied her claim for benefits, finding, insofar as is relevant here, that claimant failed to give timely notice of her claim. This appeal by claimant ensued.
Claimant, as so limited by her brief, argues only that the Board erred in failing to excuse her lack of timely notice to the employer. We disagree. "Workers' Compensation Law § 18 requires that a claimant seeking workers' compensation benefits must provide written notice of an injury within 30 days after the accident causing such injury. The failure to give timely notice [*2]generally precludes a claim unless the Board excuses the failure on the ground that notice could not be given, the employer or its agent had knowledge of the accident or the employer did not suffer any prejudice" (Matter of Rydstrom v Precision Carpentry of Westchester, Inc., 150 AD3d 1602, 1602 [2017] [internal quotation marks, brackets and citations omitted], lv denied 30 NY3d 902 [2017]; see Matter of Johnson v T.L. Cannon Mgt., 145 AD3d 1202, 1203 [2016]). Notably, "the Board is not required to excuse a claimant's failure to give timely written notice even if one of these grounds is proven; the matter rests within the Board's discretion" (Matter of Bennett v Putnam N. Westchester BOCES, 123 AD3d 1397, 1398 [2014] [internal quotation marks, brackets and citation omitted]; see Matter of Johnson v T.L. Cannon Mgt., 145 AD3d at 1203).
While the employer was aware that claimant was experiencing problems with her knees — as evidenced by her February 2013 departure from her employment and the medical documentation related thereto — claimant testified that she did not advise the employer that her condition was work-related "at that time"; indeed, claimant acknowledged that she first informed the employer that her bilateral knee condition was work-related in June 2014. Additionally, claimant's application for workers' compensation benefits was silent as to the date of her alleged injury, the medical reports generated in early 2013 consistently stated that claimant's knee condition "occurred without any known injury" and the employer's representative testified that claimant's personnel file did not contain any reports of a work-related accident. Under these circumstances, any assertion that the employer had actual knowledge of claimant's alleged work-related injury is belied by the record (see Matter of Rydstrom v Precision Carpentry of Westchester, Inc., 150 AD3d at 1602). Further, as the record as a whole evidences a worsening of claimant's symptoms over time, the Board's finding that the employer was prejudiced by the delay is supported by the record (see id. at 1603). As such, we cannot say that the Board abused its discretion in failing to excuse claimant's untimely notice of her claim — particularly given the more than one-year delay between claimant's alleged accident and the filing of her claim for workers' compensation benefits (see e.g. Matter of Johnson v T.L. Cannon Mgt., 145 AD3d at 1203).
Garry, P.J., Egan Jr., Devine and Clark, JJ., concur.
ORDERED that the decision is affirmed, without costs.