Matter of Sheikh v White & Blue Group Corp. (2019 NY Slip Op 00168)





Matter of Sheikh v White & Blue Group Corp.


2019 NY Slip Op 00168


Decided on January 10, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 10, 2019

524580

[*1]In the Matter of the Claim of AKHTAR ALI SHEIKH, Appellant,
v
WHITE & BLUE GROUP CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: December 13, 2018

Before: Garry, P.J., Egan Jr., Devine, Aarons and Pritzker, JJ.


Akhtar Ali Sheikh, Elmhurst, appellant pro se.
Weiss, Wexler & Wornow PC, New York City (J. Evan Perigoe of counsel), for White & Blue Group Corporation and another, respondents.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from a decision of the Workers' Compensation Board, filed January 25, 2017, which ruled, among other things, that claimant did not give timely notice of injury and denied his claim for workers' compensation benefits.
On July 29, 2014, claimant, a taxi driver, filed a C-3 claim form with the Workers' Compensation Board alleging that, while working for the employer on July 5, 2014, he was "assaulted by another driver," resulting in injuries to his right shoulder and neck. The employer and its workers' compensation carrier controverted the claim, raising, among other issues, lack of notice. Following a hearing at which claimant and one of the employer's supervisors testified, a Workers' Compensation Law Judge (hereinafter WCLJ) disallowed the claim, finding that the employer was prejudiced by claimant's failure to provide timely notice to it within 30 days as required by Workers' Compensation Law § 18 and that claimant's account of the alleged incident was not credible. Upon review, the Workers' Compensation Board, with one panel member dissenting, affirmed. Upon its mandatory review (see Workers' Compensation Law § 23), the full Board upheld the decision, finding no reason to disturb the WCLJ's credibility determinations. This appeal by claimant ensued.
We affirm. "Workers' Compensation Law § 18 requires that a claimant seeking workers' compensation benefits must provide written notice of an injury within 30 days after the accident causing such injury. The failure to give timely written notice generally precludes a claim unless the Board excuses the failure on the ground that notice could not be given, the employer or its agent had knowledge of the accident or the employer did not suffer any prejudice" (Matter of Taylor v Little Angels Head Start, 164 AD3d 1512, 1512-1513 [2018] [internal quotation marks and citations omitted]; see Matter of Johnson v T.L. Cannon Mgt., 145 AD3d 1202, 1203 [2016]). Even if one of the foregoing grounds is proven, the Board is not required to excuse a claimant's failure to provide timely notice as, in the end, "the matter rests within the Board's discretion" (Matter of Bennett v Putnam N. Westchester BOCES, 123 AD3d 1397, 1398 [2014] [internal quotation marks and citation omitted]; accord Matter of Taylor v Little Angels Head Start, 164 AD3d at 1513).
Claimant testified that he leased a taxicab from the employer on July 5, 2014 and, while initially driving in Manhattan, he drove to LaGuardia Airport, arriving around 8:00 p.m., because he could not get fares in Manhattan. He drove into the parking lot to await passengers, called the dispatcher trying to "wake him up" and, when the dispatcher came out, he approached claimant's taxicab and grabbed his neck, hit him and knocked him against a wall, injuring him. Claimant called 911 and, when the Port Authority police arrived, they reportedly refused to arrest the dispatcher because he was a "city employee" and they threatened to arrest claimant. According to claimant, although in "severe pain," he worked until 5:30 a.m. the next morning, finishing his shift, because he had to cover the cost of the leased taxicab, but he was unable to work thereafter. He took ibuprofen but did not go to the emergency room because he did not know if it would be covered by his health insurance or workers' compensation. While he testified that he went to the doctor "[w]ithin a couple of days," it was established that he first saw a doctor on July 22, 2014, which he claimed was the first available appointment. Claimant conceded at the hearing that he did not provide the required timely written notice because he was "unable to go to the garage." He testified that he provided verbal notice on an unspecified date to the manager and dispatcher, and a supervisor testified that claimant provided verbal notice about a month after the alleged incident. There is no support in the record for claimant's assertion on appeal that he provided verbal notice to the employer "immediately" after the alleged incident. Although claimant filed a motor vehicle accident report over a month later, on August 12, 2014, there is no police report or prompt medical records and no witnesses were produced.
Given the lack of any contemporaneous documentation or proof to support claimant's allegation that he was assaulted and the employer's resulting inability to properly investigate the incident, the Board providently concluded that claimant failed to demonstrate that the employer was not prejudiced by the untimely notice (see Workers' Compensation Law § 18; Matter of Taylor v Little Angels Head Start, 164 AD3d at 1513). As such, we cannot conclude that the Board abused its discretion in declining to excuse claimant's untimely notice.
Moreover, we accord great deference to the Board's determination to discredit claimant's testimony (see Matter of Burke v New York City Tr. Auth., 148 AD3d 1498, 1500 [2017]; Matter of Johnson v T.L. Cannon Mgt., 145 AD3d at 1203). Among the evidence undermining claimant's credibility, he admitted that he continued working overnight after the alleged incident, he testified that he was unable to return to work but did not receive medical care for weeks and he claimed that he drove out to the airport because he could not find fares in Manhattan, yet the trip log sheet reflects that he had two fares shortly before he drove out to the airport and the airport was not shown on his trip log. There is no police report, and his complaint to the Port Authority was not filed until seven months later, on February 20, 2015, and reflects that he refused to identify the officers who responded to his call after the alleged incident. In addition, while claimant reported in his C-3 claim form that he was assaulted by "another driver," he testified that he was assaulted by "a dispatcher," and his motor vehicle report asserted that he was assaulted by "a TLC agent." Given the foregoing and [*2]deferring to the Board's ability to assess witness credibility, we discern no basis upon which to disturb its finding that claimant's account that he was involved in a work-related incident lacked credibility (see Matter of Lanese v Anthem Health Servs., 165 AD3d 1373, 1375 [2018]; Matter of Levin v Rensselaer Polytechnic Inst., 164 AD3d 1505, 1506 [2018]). Further, we are satisfied that the Board's finding that claimant did not sustain a work-related injury and its concomitant denial of benefits are supported by substantial evidence (see Matter of Bagnato v General Elec., 156 AD3d 1268, 1269 [2017]).
Finally, although claimant initially appeared with counsel, he informed the WCLJ that he wished to represent himself and did not request an adjournment to retain new counsel, thereafter proceeding pro se. It is well established that, except "in certain narrowly defined circumstances" not present here, "the right to effective assistance of counsel does not extend to civil actions or administrative proceedings" (Matter of Sasson v Commissioner of Educ., 127 AD2d 875, 876 [1987]; see Matter of Caballero v Fabco Enters., 77 AD3d 1028, 1029 [2010], lv dismissed 16 NY3d 780 [2011]). Further, claimant was afforded all of the due process to which he was entitled, as he was afforded an "'opportunity to be heard at a meaningful time and in a meaningful manner'" (Matter of Maffei v Russin Lbr. Corp., 146 AD3d 1207, 1209 [2017], quoting Mathews v Eldridge, 424 US 319, 333 [1976]). Claimant's remaining claims have been reviewed and, to the extent that they are preserved for our review, they have been found to be lacking in merit.
Garry, P.J., Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.