Matter of Nukicic v McLane Northeast (2019 NY Slip Op 05828)





Matter of Nukicic v McLane Northeast


2019 NY Slip Op 05828


Decided on July 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 25, 2019

527715

[*1]In the Matter of the Claim of NURUDIN NUKICIC, Appellant,
v
McLANE NORTHEAST et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: May 31, 2019

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Pritzker, JJ.


Synder Law Firm, PLLC, Syracuse (Carey J. Knapp of counsel), for appellant.
Smith, Sovik, Kendrick & Sugnet, PC, Syracuse (Matthew P. Germain of counsel), for McLane Northeast and another, respondents.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed December 26, 2017, which ruled that claimant did not give timely notice of injury and denied his claim for workers' compensation benefits.
Claimant, a truck driver, filed a claim for workers' compensation benefits in March 2017 alleging that he had sustained a work-related injury to his left knee, leg and hand on October 13, 2016. The employer and its workers' compensation carrier controverted the claim, contending, among other things, that claimant had not provided written notice of the accident within 30 days of its occurrence as required by Workers' Compensation Law § 18. Following a hearing, a Workers' Compensation Law Judge found, as relevant here, that claimant provided timely notice of the accident to the employer and, to the extent that there was any delay, the employer was not prejudiced as a result. Upon administrative review, the Workers' Compensation Board reversed, finding that claimant did not provide written notice of the accident within the requisite 30-day period, that his asserted lack of proficiency in English was not a sufficient reason for failing to do so and that he failed to establish that the employer was not prejudiced by the lack of timely notice. Claimant appeals, and we affirm.
"Workers Compensation Law § 18 requires that a claimant seeking workers' compensation benefits must provide written notice of an injury within 30 days after the accident causing such injury. The failure to give timely notice generally precludes a claim unless the Board excuses the failure on the ground that notice could not be given, the employer or its agent had knowledge of the accident or the employer did not suffer any prejudice" (Matter of Taylor v Little Angels Head Start, 164 AD3d 1512, 1512-1513 [2018] [internal quotation marks and [*2]citations omitted]; accord Matter of Sheikh v White & Blue Group Corp., 168 AD3d 1196, 1197 [2019]; see Matter of Bennett v Putnam N. Westchester BOCES, 123 AD3d 1397, 1398 [2014]). Notably, it is the claimant who "bears the burden of demonstrating that the employer was not prejudiced by any delay" (Matter of Flynn v Ace Hardware Corp., 38 AD3d 1143, 1144 [2007]; see Matter of Dixon v Almar Plumbing, 111 AD3d 1230, 1232 [2013]; Matter of Ewool v Franklin Hosp. Med. Ctr., 49 AD3d 1019, 1020 [2008], lv denied 10 NY3d 711 [2008]), and "[e]ven if one of the foregoing grounds is proven, the Board is not required to excuse a claimant's failure to provide timely notice as, in the end, the matter rests within the Board's discretion" (Matter of Sheikh v White & Blue Group Corp., 168 AD3d at 1197 [internal quotation marks and citations omitted]; see Matter of Taylor v Little Angels Head Start, 164 AD3d at 1513; Matter of Johnson v T.L. Cannon Mgt., 145 AD3d 1202, 1203 [2016]).
Claimant testified that he informed an individual subsequently identified as one of the employer's dispatchers of his accident on the day that it occurred; after seeking medical treatment the following day, claimant gave "the paper" — apparently an out-of-work note from a physician — to another dispatcher before returning to work two days later. The dispatcher to whom claimant purportedly provided verbal notice of his accident testified that claimant indicated during a telephone call in October 2016 that "he had pain in his knee" but did not advise that he had suffered a work-related injury. The other dispatcher similarly acknowledged that claimant stated that his knee was swollen but, when the dispatcher asked claimant if the injury was work related, claimant replied, "[N]o, [I] just needed to see a doctor." This same dispatcher testified that, although he may have received an out-of-work note from claimant, the note did not reflect that claimant had sustained a work-related injury. The record reflects that the first report of incident in this matter was filed on or about January 27, 2017, and the employer's human resources manager testified that she first became aware that claimant was asserting a work-related injury in late January 2017, when claimant, who by then already had undergone surgery on his knee, advised that he would be out of work on short-term disability under his spouse's insurance but that "it might be workers' comp." The human resources manager further testified that the employer has a specific procedure for investigating work-related accidents, but that such process was not implemented here because the employer was unaware that claimant had sustained a work-related injury until January 2017 — more than three months after the alleged accident occurred.
In light of the foregoing, and granting deference to the Board's credibility determinations (see Matter of Sheikh v White & Blue Group Corp., 168 AD3d at 1198; Matter of Johnson v T.L. Cannon Mgt., 145 AD3d at 1203), substantial evidence supports the Board's finding that claimant did not provide timely written notice of his accident as required by Workers' Compensation Law § 18. We reach a similar conclusion with respect to the Board's finding that such notice was not excused by claimant's asserted lack of proficiency in English and, further, that claimant failed to show that the employer was not prejudiced by the lack of timely notice (see e.g. Matter of Rydstrom v Precision Carpentry of Westchester, Inc., 150 AD3d 1602, 1603 [2017], lv denied 30 NY3d 902 [2017]; Matter of Dudas v Town of Lancaster, 90 AD3d 1251, 1253 [2011]; Matter of Flynn v Ace Hardware Corp., 38 AD3d at 1144-1145; compare Matter of McNichols v New York City Dept. of Corr., 140 AD3d 1557, 1558 [2016]; Matter of Lopadchak v R.W. Express LLC, 133 AD3d 1077, 1077-1078 [2015]). Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., Lynch, Mulvey and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.