Matter of Napolitano v City of Batavia (2021 NY Slip Op 03358)





Matter of Napolitano v City of Batavia


2021 NY Slip Op 03358


Decided on May 27, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 27, 2021

532124
[*1]In the Matter of the Claim of Stefano Napolitano, Appellant,
v
City of Batavia et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:April 22, 2021

Before:Garry, P.J., Egan Jr., Lynch and Colangelo, JJ.

Dolce Panepinto, PC, Batavia (Kristin M. Allen of counsel), for appellant.
Hamberger & Weiss LLP, Rochester (Jessica A. Diaz of counsel), for City of Batavia and another, respondents.



Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed March 30, 2020, which ruled that claimant did not provide timely notice of injury and disallowed his claim for workers' compensation benefits.
Claimant, a fire chief and emergency medical technician, filed a claim for workers' compensation benefits in April 2019 seeking to recover for an injury allegedly sustained as the result of a work-related slip and fall that occurred in December 2018. The employer and its workers' compensation carrier controverted the claim, raising, among other things, claimant's failure to provide timely notice of injury. Following a hearing, a Workers' Compensation Law Judge established the claim for an injury to claimant's right knee, finding — as relevant here — that claimant gave notice of his injury as soon as the severity of it became apparent. Upon administrative review, the Workers' Compensation Board reversed and disallowed the claim, finding that claimant failed to give timely notice of his injury and that such late notice was not excused. This appeal ensued.
We affirm. "Workers' Compensation Law § 18 requires that a claimant seeking workers' compensation benefits must provide written notice of an injury within 30 days after the accident causing such injury. The failure to give timely written notice generally precludes a claim unless the Board excuses the failure on the ground that notice could not be given, the employer or its agent had knowledge of the accident or the employer did not suffer any prejudice" (Matter of Taylor v Little Angels Head Start, 164 AD3d 1512, 1512-1513 [2018] [internal quotation marks and citations omitted]; accord Matter of Nukicic v McLane Northeast, 174 AD3d 1260, 1260-1261 [2019]; Matter of Sheikh v White & Blue Group Corp., 168 AD3d 1196, 1197 [2019]). That said, "it is the claimant who bears the burden of demonstrating that the employer was not prejudiced by any delay, and even if one of the foregoing grounds is proven, the Board is not required to excuse a claimant's failure to provide timely notice as, in the end, the matter rests within the Board's discretion" (Matter of Nukicic v McLane Northeast, 168 AD3d at 1261 [internal quotation marks, brackets and citations omitted]; see Matter of Johnson v T.L. Cannon Mgt., 145 AD3d 1202, 1203 [2016]; Matter of Dusharm v Green Is. Contr., LLC, 68 AD3d 1402, 1403 [2009]).
There is no dispute that claimant failed to provide timely notice of the injury, and claimant does not contend that he was unable to provide such notice or that the employer otherwise was aware of his injury. Indeed, claimant testified that, as a department head, he had advised subordinates of the need to timely file accident reports, and the record reflects that, as the recipient of a prior schedule loss of use award for both of his knees, claimant had some awareness of the procedures involved in filing a claim for workers' compensation benefits. Despite such awareness, claimant admittedly [*2]neither reported the incident to the employer nor sought medical treatment for approximately four months — opting instead to just "muscle through" it by self-diagnosing and self-medicating his injury.
Nonetheless, and noting that his slip and fall was unwitnessed and that he did not seek medical treatment until after he notified the employer of his injury, claimant contends that the employer was not prejudiced by this delay. However, claimant acknowledged at the hearing that the pain and the "clicking and clunking" in his knee became "progressively worse" as time went on (see Matter of Taylor v Little Angels Head Start, 164 AD3d at 1513), and his testimony reveals that he did not give notice of his injury to the employer until he reached the point where "the pain just would not subside." Under these circumstances, we cannot say that the Board abused its discretion in failing to excuse claimant's late notice upon this ground (see Matter of Ewool v Franklin Hosp. Med. Ctr., 49 AD3d 1019, 1020 [2008], lv denied 10 NY3d 711 [2008]).
We reach a similar conclusion with respect to claimant's assertion that his untimely notice should be excused because such notice was given as soon as the severity of his injury became apparent (see Matter of Sedlock v Employ Bridge, 172 AD3d 1684, 1686 [2019]; Matter of Oberson v Bureau of Ferry Aviation & Transp., 303 AD2d 795, 795 [2003], lv denied 100 NY2d 507 [2003], cert denied 540 US 1151 [2004]). Given claimant's training and experience as an emergency medical technician and the fact that he underwent two surgical procedures on his right knee prior to slipping and falling in December 2018, as well as the progressive worsening of his symptoms over time, we cannot say that the Board abused its discretion in failing to credit claimant's explanation that he did not fully appreciate the severity of his injury until he sought medical attention four months after his fall. Notably, credibility determinations are the sole province of the Board, and the Board is not bound by the findings made by the Workers' Compensation Law Judge (see Matter of Dixon v Almar Plumbing, 111 AD3d 1230, 1231 [2013]). Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr. and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.