Matter of Leduc v Northeastern Clinton CSD (2021 NY Slip Op 04938)





Matter of Leduc v Northeastern Clinton CSD


2021 NY Slip Op 04938


Decided on September 2, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 2, 2021

530688
[*1]In the Matter of the Claim of Donna Leduc, Claimant,
v
Northeastern Clinton CSD et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:August 19, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.

Sullivan Keenan Oliver & Violando, LLP, Albany (Michael D. Violando of counsel), for appellants.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed May 28, 2019, which ruled, among other things, that claimant was excused from providing timely notice of her injury pursuant to Workers' Compensation Law § 18.
Claimant worked as a custodian for a school district for a little over five years. On February 8, 2018, she and another custodian were cleaning classrooms and depositing the trash that they collected into a rolling cart known as a gondola. When the gondola was full, they brought it outside to empty it into a dumpster. They pushed the gondola through the parking lot toward the dumpster; when the pavement ended, the gondola got stuck in the snow and ice. As claimant pulled on the gondola, she injured her right shoulder. Claimant continued to perform her custodial duties thereafter. In June 2018, she sought treatment from her primary care physician as she was continuing to experience problems with her shoulder. She was diagnosed with a torn rotator cuff. In July 2018, claimant reported her injury to her supervisor. In August 2018, she filed a claim for workers' compensation benefits based on this injury. She underwent rotator cuff surgery in September 2018.
The self-insured employer and its third party administrator (hereinafter collectively referred to as the employer) controverted the claim on the ground that claimant failed to give timely notice of her injury. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found that, although claimant failed to provide timely notice in accordance with Workers' Compensation Law § 18, insufficient evidence was presented to show that the employer was prejudiced. Consequently, the WCLJ excused claimant's untimely notice and established the claim for a right shoulder injury. The WCLJ issued a subsequent decision that, among other things, awarded claimant benefits. On appeal, a panel of the Workers' Compensation Board affirmed the WCLJ's decisions. This appeal by the employer ensued.
Initially, pursuant to Workers' Compensation Law § 18, a claimant seeking workers' compensation benefits is required to provide written notice of an injury within 30 days after the accident causing such injury (see Matter of Horvath v Mega Forklift, 176 AD3d 1279, 1280 [2019]; Matter of Sheikh v White & Blue Group Corp., 168 AD3d 1196, 1197 [2019]). The failure to do so "generally precludes a claim unless the Board excuses the failure on the ground that notice could not be given, the employer or its agent had knowledge of the accident or the employer did not suffer any prejudice" (Matter of Nukicic v McLane Northeast, 174 AD3d 1260, 1260-1261 [2019] [internal quotation marks and citations omitted]; see Matter of Abdallah v New York City Tr. Auth., 192 AD3d 1297, 1297 [2021]). It is the claimant who bears the burden of demonstrating that the employer was not prejudiced by the delay in providing timely notice (see Matter of Horvath v Mega Forklift, 176 AD3d at 1280; Matter [*2]of Nukicic v McLane Northeast, 174 AD3d at 1261). Significantly, the Board retains the ultimate discretion to determine if the lack of timely notice should be excused based upon one of the foregoing grounds (see Matter of Abdallah v New York City Tr. Auth., 192 AD3d at 1297-1298; Matter of Horvath v Mega Forklift, 176 AD3d at 1280).
It is undisputed that claimant did not provide notice of her injury until she informed her supervisor in July 2018, nearly five months after the incident that precipitated her injury. Although the snow and ice that caused the gondola to get stuck was no longer present at this time, this did not significantly interfere with the employer's ability to investigate the incident. The employer was still able to inspect the condition of the parking lot at this time to ascertain if there were any defects that might have contributed to the gondola becoming stuck. Moreover, the custodian who assisted claimant on the date in question gave a statement to claimant's supervisor that was consistent with the version of events conveyed by claimant. Further, although claimant testified that she experienced periodic pain in her shoulder from the date of the incident through July 2018,[FN1] she was not aware that she had a work-related torn rotator cuff until she underwent an MRI in July 2018. As she did not have surgery until September 2018, the employer had time to have an independent medical examination conducted to ascertain the extent and potential cause of claimant's injury rather than wait until after the surgery was performed (compare Matter of Miller v North Shore Univ. Hosp., 13 AD3d 862, 863 [2004]). In view of the foregoing, we cannot conclude that the Board abused its discretion in excusing the late notice (see Matter of Lopadchak v R.W. Express LLC., 133 AD3d 1077, 1077-1078 [2015]; Matter of Pierce v New York Tel. Co., 99 AD2d 898, 898 [1984]; compare Matter of Bennett v Putnam N. Westchester BOCES, 123 AD3d 1397, 1399 [2014]; Matter of Dudas v Town of Lancaster, 90 AD3d 1251, 1252-1253 [2011]). Therefore, substantial evidence supports the Board's decision and we decline to disturb it.
Egan Jr., J.P., Lynch, Clark and Aarons, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Contrary to the employer's representation, the record does not demonstrate that claimant experienced several intervening events during this time. Rather, claimant stated that she occasionally experienced pain when she lifted something or turned her shoulder.