Matter of McElroy v Siena Coll. (2022 NY Slip Op 00093)





Matter of McElroy v Siena Coll.


2022 NY Slip Op 00093


Decided on January 6, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 6, 2022

532397
[*1]In the Matter of the Claim of Samuel McElroy, Respondent,
v
Siena College et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:November 19, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Stockton, Barker & Mead, LLP, Troy (Sean Weber of counsel), for appellants.
Pozefsky, Bramley & Murphy, Albany (Anthony J. Murphy of counsel), for Samuel McElroy, respondent.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for Workers' Compensation Board, respondent.



Lynch J.
Appeal from a decision of the Workers' Compensation Board, filed April 23, 2020, which ruled, among other things, that claimant was excused from providing timely notice of his injury pursuant to Workers' Compensation Law § 18.
On July 1, 2019, claimant, a college public safety officer, filed a claim for workers' compensation benefits alleging that, on May 3, 2019 while patrolling a college dormitory, he "stepped down on a step [and] felt [a] sudden and immediate burning and pain in [his] right foot/ankle." In his claim (C-3 form), claimant alleged that he gave the employer notice of the alleged work-related injury on June 17, 2019 and first received treatment for that injury on June 18, 2019. The employer and its workers' compensation carrier subsequently controverted the claim, asserting, among other things, that claimant failed to provide timely notice of his injury in accordance with Workers' Compensation Law § 18. Following hearings and the depositions of claimant's treating physician and the carrier's consultant who conducted an independent medical examination of claimant, a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim for an injury to the right foot and found that, although claimant failed to provide timely notice of the injury to the employer pursuant to Workers' Compensation Law § 18, the employer was not prejudiced by the late notice of 15 days. On administrative appeal, the Workers' Compensation Board adopted the findings and decision of the WCLJ and affirmed. The employer and carrier appeal, contending that claimant failed to show that the employer was not prejudiced by his untimely notice and that the Board therefore erred in excusing the late notice of claim.
We affirm. "A claimant seeking workers' compensation benefits must give the employer written notice of the claim within 30 days of sustaining a compensable injury" (Matter of Abdallah v New York City Tr. Auth., 192 AD3d 1297, 1297 [2021] [internal quotation marks and citations omitted]; see Workers' Compensation Law § 18; Matter of Horvath v Mega Forklift, 176 AD3d 1279, 1280 [2019]; Matter of Sheikh v White & Blue Group Corp., 168 AD3d 1196, 1197 [2019]). "The failure to do so 'generally precludes a claim unless the Board excuses the failure on the ground that notice could not be given, the employer or its agent had knowledge of the accident or the employer did not suffer any prejudice'" (Matter of Leduc v Northeastern Clinton CSD, 197 AD3d 1373, 1374-1375 [2021], quoting Matter of Nukicic v McLane Northeast, 174 AD3d 1260, 1260-1261 [2019] [internal quotation marks and citations omitted]; see Matter of Abdallah v New York City Tr. Auth., 192 AD3d at 1297). It is the claimant who bears the burden of demonstrating that the employer was not prejudiced by the delay in providing timely notice (see Matter of Horvath v Mega Forklift, 176 AD3d at 1280; Matter of Nukicic v McLane Northeast, 174 AD3d at 1261).
Here, it is not disputed that claimant [*2]failed to provide actual notice of his injury to the employer within the statutorily required 30 days of sustaining the work-related injury. Although claimant did provide notice approximately two weeks after the 30-day period expired, the record reflects that this minimal delay did not interfere with the employer's ability to investigate the incident. In that regard, the employer was not hindered or otherwise prevented from investigating the location of the unwitnessed accident, speaking to all relevant individuals on staff including claimant and the head athletic trainer who provided treatment to claimant shortly after the accident, reviewing the relevant medical reports from, and deposing, claimant's treating physician who treated claimant on June 18, 2019 and July 31, 2019 and conducting an independent medical examination of claimant to ascertain the extent and cause of his injury. Under these circumstances, substantial evidence supports the decision of the Board that the short delay between the expiration of the 30-day notice period and the employer receiving notice of the claim did not prejudice the employer so as to prevent it from properly investigating the claim (see Matter of Leduc v Northeastern Clinton CSD, 197 AD3d at 1375; Matter of Lopadchak v R.W. Express LLC, 133 AD3d 1077, 1077-1078 [2015]; Matter of Hollenbeck v Hollenbeck & Dailey, 2 AD3d 1068, 1069 [2003]; Matter of Pierce v New York Tel. Co., 99 AD2d 898, 898 [1984]). The remaining contentions raised by the employer and the carrier are either academic in light of our decision or have been considered and found to be without merit.
Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.