Matter of White v SEG Maintenance, Inc. (2022 NY Slip Op 03300)





Matter of White v SEG Maintenance, Inc.


2022 NY Slip Op 03300


Decided on May 19, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 19, 2022

533479
[*1]In the Matter of the Claim of Jermaine White, Appellant,
v
SEG Maintenance, Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:April 27, 2022

Before:Clark, J.P., Pritzker, Colangelo, Ceresia and McShan, JJ.

The Platta Law Firm, PLLC, New York City (Elan Hallhauser of counsel), for appellant.
LOIS LLC, New York City (Addison O'Donnell of counsel), for SEG Maintenance, Inc. and another, respondents.



Clark, J.P.
Appeal from a decision of the Workers' Compensation Board, filed November 2, 2020, which ruled that claimant did not provide timely notice of injury and disallowed his claim for workers' compensation benefits.
Claimant, an asbestos handler, filed a claim for workers' compensation benefits alleging that, while on the job site, he sustained injuries to his left shoulder, elbow and wrist on December 12, 2018 when he was struck by debris as it was being lowered into a dumpster via a crane. The C-3 form filed February 21, 2019 identified claimant's employers as JLS Group Inc. and SEG Maintenance, Inc. JLS and its workers' compensation carrier controverted the claim asserting, among other things, that claimant did not provide timely notice of the claimed injuries. Following an initial hearing, a Workers' Compensation Law Judge (hereinafter WCLJ), as relevant here, discharged JLS and its workers' compensation carrier, ruled that SEG and its workers' compensation carrier were the proper parties and found that the date of the accident was December 5, 2018.
Additional proceedings ensued, and, ultimately, the Workers' Compensation Board rescinded the WCLJ's decision and restored the matter to the hearing calendar for further development of the record regarding, among other things, timely notice of injury to the employer. After additional testimony was taken, the WCLJ credited claimant's testimony regarding the accident and awarded benefits — implicitly concluding that claimant provided timely notice of injury. Upon administrative review, the Board disagreed, finding that claimant failed to give timely notice of the claimed injuries and that such failure could not be excused. As a result, the Board reversed the WCLJ's decision and disallowed the claim. This appeal ensued.
We affirm. "Workers' Compensation Law § 18 requires that a claimant seeking workers' compensation benefits must provide written notice of an injury within 30 days after the accident causing such injury. The failure to give timely written notice generally precludes a claim unless the Board excuses the failure on the ground that notice could not be given, the employer or its agent had knowledge of the accident or the employer did not suffer any prejudice" (Matter of Nukicic v McLane Northeast, 174 AD3d 1260, 1260-1261 [2019] [internal quotation marks and citations omitted]; accord Matter of Napolitano v City of Batavia, 194 AD3d 1336, 1336 [2021]; see Matter of Abdallah v New York City Tr. Auth., 192 AD3d 1297, 1297 [2021]). "Notably, it is the claimant who bears the burden of demonstrating that the employer was not prejudiced by any delay, and even if one of the foregoing grounds is proven, the Board is not required to excuse a claimant's failure to provide timely notice as, in the end, the matter rests within the Board's discretion" (Matter of Nukicic v McLane Northeast, 174 AD3d at 1261 [internal quotation marks, brackets and citations omitted]; see Matter of Horvath v Mega [*2]Forklift, 176 AD3d 1279, 1280 [2019]).
Claimant does not argue that he provided timely written notice of the accident, contending instead that his employer had actual knowledge thereof. In addition to claimant's inconsistent testimony regarding when the accident occurred, the nature of the injuries sustained and the entity by which he was employed on the day in question, the Board was presented with conflicting testimony as to whether the accident was witnessed by or notice was otherwise provided to representatives of either JLS or SEG. Claimant testified that he believed that the accident was witnessed by several JLS employees, including the individual operating the crane at the time in question. Claimant further asserted that an individual whom he believed to be the owner of JLS acknowledged (the day after the accident) that claimant had been injured. However, the representatives appearing on behalf of JLS and/or SEG, the latter of whom appears to have actually employed claimant on the day of the incident, variously testified that the incident described by claimant "never happened," that "[t]here was no accident," that no contemporaneous report of the incident was made and that claimant first provided notice of injury months after the alleged accident occurred.
Although the WCLJ credited claimant's testimony in this regard, the Board — as the sole arbiter of witness credibility — was not bound by the WCLJ's determination (see Matter of Mendrok v New York City Tr. Auth., 202 AD3d 1173, 1175 [2022]) and was free to credit the testimony offered by those appearing on behalf of JLS and SEG (see Matter of Kopec v Dormitory Auth. of State of N.Y., 44 AD3d 1230, 1232 [2007]). Additionally, the record as a whole supports the Board's finding that claimant failed to demonstrate that SEG was not prejudiced by the delay in reporting the injuries alleged (see Matter of Nukicic v McLane Northeast, 174 AD3d at 1262). There is therefore no basis upon which to disturb the Board's decision, and we accordingly affirm. Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Pritzker, Colangelo, Ceresia and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.