Matter of Andino v Structural Preserv. Sys. (2023 NY Slip Op 06416)

Matter of Andino v Structural Preserv. Sys.

2023 NY Slip Op 06416

Decided on December 14, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 14, 2023

535533
[*1]In the Matter of the Claim of Marvin Andino, Appellant,
v
Structural Preservation System et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:November 16, 2023

Before:Egan Jr., J.P., Clark, Aarons, Ceresia and Mackey, JJ.

Schotter Millican, LLP, Brooklyn (Amy Millican of counsel), for appellant.
Chartwell Law, New York City (Marissa J. Huber of counsel), for Structural Preservation System and others, respondents.

Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed May 24, 2022, which ruled that claimant did not give timely written notice of injury and denied his claim for workers' compensation benefits.
Claimant allegedly suffered work-related injuries on July 17, 2019, when a railing he was helping to carry fell on him. Claimant initially sought medical treatment for these injuries on July 20, 2019, but he continued working without any lost time until December 28, 2020, when claimant provided a doctor's note to the employer indicating that he was having surgery on his left shoulder the following day. Claimant did not give written notice of the July 2019 injury to the employer until March 18, 2021, when he filed his claim for workers' compensation benefits. The employer opposed the claim, citing, among other things, untimely notice. Following a hearing, a Workers' Compensation Law Judge established the claim for work-related injuries to claimant's neck and left shoulder. Upon review, the Workers' Compensation Board reversed and disallowed the claim, concluding that claimant did not provide timely notice of the accident to the employer in accordance with Workers' Compensation Law § 18. Claimant appeals.
We affirm. Pursuant to Workers' Compensation Law § 18, "[a] claimant seeking workers' compensation benefits must give the employer written notice of the claim within 30 days of sustaining a compensable injury" (Matter of Johnson v T.L. Cannon Mgt., 145 AD3d 1202, 1203 [3d Dept 2016]; see Matter of Napolitano v City of Batavia, 194 AD3d 1336, 1336 [3d Dept 2021]). "The failure to give timely written notice generally precludes a claim unless the Board excuses the failure on the ground that notice could not be given, the employer or its agent had knowledge of the accident or the employer did not suffer any prejudice" (Matter of Taylor v Little Angels Head Start, 164 AD3d 1512, 1512-1513 [3d Dept 2018] [internal quotation marks and citations omitted]; see Matter of McElroy v Siena Coll., 201 AD3d 1090, 1090-1091 [3d Dept 2022]). Further, "even if one of the foregoing grounds is proven, the Board is not required to excuse a claimant's failure to provide timely notice as, in the end, the matter rests within the Board's discretion" (Matter of White v SEG Maintenance, Inc., 205 AD3d 1257, 1258 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Sheikh v White & Blue Group Corp., 168 AD3d 1196, 1197 [3d Dept 2019]).
Claimant testified that he did not timely notify the employer of the July 2019 accident because he did not think that the injury was that serious and feared that he would lose his job if he reported the accident. The record reflects that claimant was treated at a hospital three days after the accident and was seen by an orthopedic surgeon on October 22, 2020. The surgeon's report indicates that claimant complained of left shoulder pain for the past year due to a railing falling on him, and the surgeon determined [*2]that the injury was work-related. According to the report, claimant had already received a full course of physical therapy and a corticosteroid injection that had minimal effect on the pain. During the examination, the surgeon diagnosed claimant with a "massive rotator cuff tear and partial-thickness tear of the proximal biceps tendon," based upon the results of an MRI of claimant's left shoulder performed in August 2020, and reported that claimant "wishes to proceed with surgical intervention." Despite the prior medical treatment, the October 22, 2020 diagnosis and his plans to have surgery, claimant still did not notify the employer of the accident until March 2021, three months after his surgery in December 2020.[FN1] In light of claimant's complaints of ongoing pain since the accident and his prior medical treatment, including surgery, the Board rationally concluded that claimant had not provided a sufficient reason for failing to inform the employer of his work-related injuries until March 2021 (see Matter of Abdallah v New York City Tr. Auth., 192 AD3d 1297, 1298 [3d Dept 2021]; Matter of Rydstrom v Precision Carpentry of Westchester, Inc., 150 AD3d 1602, 1602-1603 [3d Dept 2017], lv denied 30 NY3d 902 [2017]). Given that claimant first received medical treatment more than a year and a half prior to filing his claim and had surgery on his shoulder three months before such time, without the employer being made aware that his injuries were work-related and having an opportunity to investigate the accident, the Board did not abuse its discretion by failing to excuse claimant's untimely notice (see Matter of Rydstrom v Precision Carpentry of Westchester, Inc., 150 AD3d at 1603; Matter of Bennett v Putnam N. Westchester BOCES, 123 AD3d 1397, 1399 [3d Dept 2014]).
Egan Jr., J.P., Aarons, Ceresia and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: The Board credited the testimony of the employer's manager who stated that claimant provided him with a doctor's note concerning his shoulder surgery on December 28, 2020 but did not inform him that the injury necessitating the surgery was work-related.